Submission of controversy pursuant to sections 546-548 of the Civil Practice Act.

Per Curiam,:

The parties seek a judicial determination of the validity of provisions contained in franchise contracts entered into between them in December, 1933, and later amended, pursuant to which plaintiff was granted permission by defendants to operate omnibuses over the streets of the city of New York. The basic franchise is for a term of twenty-five years and provides that the maximum fare for a bus ride to be charged by plaintiff is to be five cents and that, if plaintiff should apply to the Public Service Commission of the State of New York for an increase without the consent of defendants, plaintiff’s franchise might, at the option of defendants, be terminated.
Plaintiff, in order to meet rising costs, attempted to file with the Public Service Commission a tariff for an eight-cent interim fare. Defendants refused to consent to such filing and asserted that in the event that plaintiff files a tariff for such fare and makes such charge without defendants’ permission, defendants would have option to declare plaintiff’s franchise terminated.
Simply stated, the controversy between the parties is whether plaintiff’s franchise might be terminated by the City of New York in the event that plaintiff, with an authorization by the Public Service Commission, charges an eight-cent fare without defendants’ consent.
While this submission was sub judice, chapter 163 of the Laws of 1950 was enacted on March 27, 1950, effective as of the same date. It is there provided that the Public Service Commission shall have no jurisdiction with respect to rates of fares established pursuant to any contract or franchise heretofore or hereafter made between any omnibus corporation and a city having more than a million inhabitants. In view of this legislation, the controversy submitted has become moot and the submission should, accordingly, be dismissed. (Wilmerding v. O’Dwyer, 297 N. Y. 664.)
Peek, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur.
Controversy, in view of the legislation referred to in the opinion herein, has become moot and the submission is dismissed.